UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                                              Case No.: 10-72589-las

Maria Connelly,                                        Chapter 7

                             Debtor.
----------------------------------------------------------X
Techno-Comp Inc.,

                             Plaintiff,

         -against-                                     Adv. Pro. No.: 13-08151-las

Maria Connelly,

                             Defendant.
----------------------------------------------------------X

## DECISION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the motion of Techno-Comp Inc. (the "Plaintiff") for summary judgment declaring a debt allegedly owed to Plaintiff by Maria Connelly (the "Defendant") nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). The Plaintiff alleges, among other things, that Defendant knowingly made misrepresentations to the Plaintiff to avoid paying the Plaintiff for consulting services rendered to the Plaintiff; Defendant's failure to safeguard monies constitutes a form of embezzlement; Defendant deliberately defrauded Plaintiff by promising to pay Plaintiff for consulting services for which she had no intention of paying; and Defendant misappropriated Plaintiff's funds. The Defendant timely filed opposition to the motion and argues that questions of material fact concerning whether the Defendant, as an officer of Crimson Technologies, Inc., is personally liable for the corporate debt preclude summary judgment. The Court held a hearing on the motion on December 9, 2014. Because a genuine dispute of material fact exists, summary judgment must be denied.

The Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(I), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

Rule 56 of the Federal Rules of Civil Procedure, made applicable by Fed. R. Bankr. P. 7056, requires that a court "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the burden of demonstrating the absence of any genuine dispute of material fact. *Celotex*, 477 U.S. at 322-23. Thus, the moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine dispute of material fact. *See Celotex*, 477 U.S. at 323; *see also Anderson*, 477 U.S. at 249. The evidence on each material element of its claim or defense must be sufficient to entitle the moving party to relief in its favor as a matter of law. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

If the movant meets its initial burden, the nonmoving party must then produce "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). To meet this burden, the nonmoving party must offer more than a "scintilla of evidence" that a genuine dispute of material fact exists, *Anderson*, 477 U.S. at 252, or that there is some

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, it must present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S. at 249 (internal citations and quotation marks omitted).

On a motion for summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). A court should grant the motion if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita,* 475 U.S. at 587 (internal quotation marks omitted).

After consideration of the applicable law, arguments of counsel, and evidence submitted, the Court has determined that Plaintiff has failed to meet its burden of establishing that there are no triable issues of material fact upon which a rational trier of fact could find that Defendant is personally liable for the debt of Crimson Technologies, Inc. Therefore, the Plaintiff's motion for summary judgment is denied. The Court shall issue a separate order scheduling a final pretrial conference at which a trial date will be set.

So Ordered.



**Dated: January 7, 2015**  
**Central Islip, New York**

**Louis A. Scarcella**  
**United States Bankruptcy Judge**